UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JEFFERY WAYNE HAITHCOTE,

      Petitioner,

v.                                                                       4:10-cv-38

JIM MORROW, Warden,

      Respondent.

**MEMORANDUM AND ORDER**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner is challenging his 2004 convictions in Bedford County, Tennessee, for evading arrest, reckless endangerment, and escape. Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Petitioner did not file a direct appeal of his convictions. He did file a petition for post-conviction relief on May 17, 2004, which was denied and the Tennessee Court of Criminal Appeals affirmed. *Jeffrey[1] Wayne Haithcote v. State*, No. M2004-02196-CCA-R3-PC, 2005 WL 2139405 (Tenn. Crim. App. Sept. 2, 2006), *perm. app. denied, id*. (Tenn. Feb. 6, 2006). Petitioner then filed a motion to reopen his post-conviction proceedings, which was denied; the Tennessee Court of Criminal Appeals dismissed the appeal from that decision because the notice of appeal was not timely filed. *Jeffrey Wayne Haithcote v. State*, No. M2007-01469-CCA-R3-PC, 2008 WL 4791524 (Tenn. Crim. App. Nov. 4, 2008), *perm. app. denied, id*. (Tenn. March 16, 2009).

It is not clear from the record when petitioner's judgment of conviction became final and the statute of limitation commenced to run. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation). Nevertheless, petitioner's post-conviction proceedings concluded on February 6, 2006, when the Tennessee Supreme Court denied his application for permission to appeal the denial of post-conviction relief. Petitioner's motion to reopen his post-conviction proceedings did not toll the running of the statute of limitation. *See Searcy v. Carter*, 246 F.3d 515, 516 (6th Cir. 2001) ("[A] petitioner cannot indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in

---

[1] Although petitioner signed the pending petition as Jeffery Wayne Haithcote, he was prosecuted as Jeffrey Wayne Haithcote.

2

state court."); *Young v. Mohr*, No. 99-3015, 1999 WL 1253097 at *1 (unpublished decision) ("[A]n untimely post-conviction petition or appeal is not considered 'properly filed' in terms of § 2244(d)(2).").

Petitioner filed his habeas corpus petition with the U.S. District Court for the Middle District of Tennessee on November 10, 2009; the motion was recently transferred to this court. It thus appears that petitioner's habeas corpus petition is barred by the one-year statute of limitation. Accordingly, petitioner is **ORDERED** to **SHOW CAUSE**, within ten days of the date of this order, why his petition should not be dismissed as untimely. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard).

In addition, petitioner has filed a motion for appointment of counsel. Because an evidentiary hearing has not been scheduled in this matter, the motion for appointment of counsel is premature and it is **DENIED**. Rule 8(c) of the Rules Governing Section 2254 Cases In The United States District Courts.

**E N T E R :**

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE